UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHANNES HIRAM

        Petitioner,

    v.                                    22-CV-974
                                            14-CR-184

UNITED STATES OF AMERICA,       ORDER

        Respondent.

---

On June 21, 2016, the petitioner, Johannes Hiram, pleaded guilty to one count of possession of child pornography, Docket Item 46, and on November 21, 2016, the Court sentenced him to 188 months of imprisonment, Docket Item 61. Hiram now moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence based on the alleged ineffective assistance of his counsel. Docket Item 78.[1] To assist the Court in addressing those claims, his trial counsel, Criminal Justice Act Panel Attorney Thomas J. Eoannou,[2] shall respond to some of Hiram's assertions as detailed below.

---

[1] All citations in this order are to Hiram's criminal case, 14-cr-184.

[2] Beginning on June 16, 2014, Assistant Federal Public Defender Kimberly A. Schechter represented Hiram. See Minute Entry dated June 16, 2014. On January 11, 2016, after Hiram requested new counsel, the Court assigned Eoannou to represent him. Docket Items 36 and 38. Although Hiram argues that both Schechter and Eoannou were ineffective for failing to investigate, Docket Item 78 at ¶ 19-20 and 22-23, Eoannou was Hiram's attorney for the six months before Hiram's change of plea hearing and through his sentencing. It is clear from this timeline that Eoannou was the attorney who would have advised Hiram about his plea and would have been involved in any potential appeal, and this order therefore requests an affidavit only from Eoannou. If, for some reason, an affidavit from Schechter becomes necessary, the Court will request one from her.

**DISCUSSION**

On November 7, 2022, more than six years after he had pleaded guilty and almost six years after he was sentenced, Hiram filed a *pro se* motion to compel the government to disclose exculpatory and impeachment material under *Brady v. Maryland* and *Giglio v. United States*. Docket Item 68. Because it was not clear from his motion why Hiram requested that material and under what statute he intended to proceed, the Court advised Hiram that his motion would be construed as a petition under 28 U.S.C. § 2255 unless he told the Court otherwise. Docket Item 70. Hiram then moved for the appointment of counsel, Docket Item 71, and the Court assigned Criminal Justice Act Panel Attorney Justin D. Ginter to represent him, Docket Item 73.

Six days after the Court assigned Ginter, Hiram submitted a supplement and a *pro se* section 2255 motion. Docket Items 75 and 76. The Court presumes that Hiram did not receive its order assigning Ginter before Hiram submitted those filings. Counsel for both sides agreed informally that newly assigned counsel for Hiram should have an opportunity to submit supplemental briefing on the section 2255 motion, and Hiram's counsel filed an amended motion on July 17, 2023. Docket Item 78.[3] The government then responded, Docket Item 80, and Hiram's counsel replied, Docket Item 81.

Among other things, Hiram argues that his trial counsel was ineffective in several ways–two relevant to this order. First, Hiram asserts that counsel failed to investigate whether the computer on which the government found child pornography was Hiram's. Docket Item 78 at ¶ 21 and 23. Second, Hiram says that he told his attorney that he wanted to appeal his conviction and sentence but that counsel did not file a notice of

---

[3] The Court treats that amended motion as Hiram's section 2255 motion.

appeal.  *Id.* at ¶ 25.  Relatedly, Hiram says, "Mr. Eoannou told Mr. Hiram that he was not able to appeal."  *Id.*

As to the failure to investigate claim, petitioners who are convicted after pleading guilty cannot raise claims for relief based on their attorneys' performance before entry of the plea unless the claims relate to whether the plea was knowing and voluntary due to counsel's advice.  *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008).  And under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), to establish a claim of ineffective assistance, petitioners must show that their attorneys' conduct fell below an objective standard of reasonableness and that the deficient performance prejudiced their defense.  Courts assess a particular decision not to investigate "for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."  *Id.* at 691.

So Hiram faces a high hurdle.  But if his claims are true and counsel's failure to investigate rendered Hiram's acceptance of the plea involuntary and uninformed, Hiram may be entitled to relief.

As to Hiram's claim about his request to appeal, "an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal."  *Campell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012); *see also Campusano v. United States*, 442 F.3d 770, 776-77 (2d Cir. 2006).  And that is so even when the defendant—like Hiram here—has entered into an appeal waiver.  *See Campusano*, 442 F.3d at 771-72.  Therefore, if what Hiram says about his request for an appeal is true, he may be entitled to a delayed appeal.

3

For the reasons just stated, the allegations in Hiram's section 2255 motion put relevant attorney-client communications between him and attorney Eoannou squarely at issue, and Hiram has waived the attorney-client privilege with respect to these communications.  *See, e.g.*, *Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998).  Therefore, and so that the Court has enough information to rule on Hiram's motion and to determine whether an evidentiary hearing is necessary, Eoannou shall respond to Hiram's assertions as noted below.  *See Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001).

In his response, Eoannou shall specifically address:

    (1) any investigative steps he took involving the computer and, if applicable, his strategic reasons for not taking other investigative steps;

    (2) any and all communications he had with Hiram regarding Hiram's right to appeal;

    (3) whether—and, if so, when—Hiram instructed him to file a Notice of Appeal.

If any communications responsive to these questions were in writing, Eoannou shall provide copies of those communications to the Court.  Likewise, if Eoannou has any notes or other documents relevant to these issues, he shall provide those as well.

Hiram's waiver of the attorney-client privilege as to these communications does not otherwise waive Eoannou's obligations to keep Hiram's confidences.  *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 145 (2d Cir. 2016).  Therefore, to protect confidentiality and in an abundance of caution, Eoannou's

submissions shall be delivered to chambers for review in camera, and the submissions shall not be filed until further order of the Court. The Court will first share Eoannou's submissions with Hiram's new attorney so that he can raise any objections based on privilege. The Court then will review the material and any objections in camera, and, after that in camera review, file and provide the government with copies of any material as to which Hiram has waived the privilege.

Eoannou's response is due **on or before June 3, 2024**.

SO ORDERED.

Dated:  May 3, 2024
         Buffalo, New York

　　　　　　　　　　　　　　　　　　　　 */s/ Lawrence J. Vilardo*
　　　　　　　　　　　　　　　　　　　　LAWRENCE J. VILARDO
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE